THOMAS McKINNEY, Guardian of Ellen. McKinney, and DANIEL McKINNEY v. HENRY MELLON.

CHILDREN of deceased sisters of the whole and half blood of the father of an intestate, are entitled to share as next of kin, in equal degree in the distribution of the residue of his personal estate.

CASE stated. John Mcenon died intestate leaving to survive him as his nearest relatives, the children of a deceased sister of his father of the whole blood, two of whom are Ellen McKinney and Daniel McKinney, the plaintiffs above named, the children of another deceased sister of his father of the whole blood, and the children

of four deceased sisters of his father of the half blood. Letters of administration had been granted on his estate to Henry Mellon, the defendant, who now had the sum of $2050.98 in his hands for distribution among his next of kin and heirs at law, and the question was whether the kindred of the whole blood were entitled to the whole amount of it, or the kindred of the half blood were entitled to share equally with the kindred of the whole blood in the distribution of it under the statute in such case made and provided. If the court should be of the former opinion, judgment to be entered for the plaintiff, the guardian, for the sum of $256.36 with interest from March 30th, 1866 and cost, but if of the latter opinion, for the sum of $85.45 with interest and costs as aforesaid.

*By the Court.* The Statute 22d and 23d Charles 2d, called the statute of distribution, together with the civil Law, constitutes the source from which our law was derived, and in common with our own statute, constitutes all the law in this State on the subject. The English statute naming the persons to take as distributees in cases where there is no wife and no children, describes them as " the next of kin " to the deceased in equal degrees; and after the passage of that statute, the question very naturally arose as to the meaning of those terms. Consanguinity or kindred being the connection or relationship of persons descended from the same common ancestor, the courts when called upon to interpret them as employed in the statute, and to determine the admission or exclusion of the half blood, admitted them with the whole blood as distributees under it. They were kindred, or in the words of the statute, they were next of kin to the decedent, and were, therefore, within the provisions of the statute, and such has ever been the uniform ruling of the English courts upon the subject. Our statute in reference to the distribution of the residue of the personal estates of intestates, after naming and

specially designating certain classes of kindred from children to parents of the intestate, adopts the language of the English statute, and provides that if there be none such as are thus specially designated, then distribution shall be made to and among the next of kin to the intestate in equal degree, and the lawful issue of such kin as shall have died before the intestate. *Rev. Code. chap.* 89, *sec.* 32, *p.* 304. Assuming this to be correct, it follows that the half blood are entitled to, and must be admitted to share in the distribution in equal degree with the whole blood in all cases where they are not by express statutory provision excluded by preference conferred by it upon others. This our statute has done only in preferring brothers and sisters of the whole blood to brothers and sisters of the half blood. It is therefore the opinion of the court in this case, that the kindred of the half blood of the decedent, are entitled to share equally in the distribution of the residue and fund in question in the hands of the defendant as his administrator, with the kindred of the whole blood, and judgment will accordingly be entered for the plaintiff for eighty five dollars and forty five cents with interest and costs as aforesaid.